UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MELVIN LEROY TYLER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:08-CV-860-JCH |
| | ) | |
| MISSOURI BOARD OF PROBATION AND PAROLE, | ) ) | |
| | ) | |
| Respondent. | ) | |

## ORDER AND MEMORANDUM

This matter is before the Court upon the application of Melvin Leroy Tyler for leave to commence this action without payment of the required filing fee. See 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that petitioner is financially unable to pay any portion of the filing fee. Therefore, the Court grants petitioner leave to proceed in forma pauperis.

**The petition**

Petitioner, an inmate at the Jefferson City Correctional Center, seeks habeas corpus relief pursuant to 28 U.S.C. § 2254 on the ground of "unlawful retaliation by [the] Missouri Board of Probation and Parole." Petitioner claims that the Board "enacted a new Rule [on] March 30, 2008 prohibiting any further advancements of parole hearing dates [and] applied the new Rule to petitioner [on] April 10, 2008 in retaliation against [him] for his lawsuit."

In the absence of exceptional circumstances, a state prisoner must exhaust currently available and adequate state remedies before invoking federal habeas corpus jurisdiction. Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973). State remedies are ordinarily not considered exhausted if an individual may effectively present his claim to the state courts by any currently available and adequate procedure.

It does not appear that petitioner has sought review of the Board's actions in any state court proceeding. Missouri law provides at least three distinct avenues for challenging a parole decision: by bringing a declaratory action against the Board, by filing a state petition for habeas corpus, or by filing a petition for writ of mandamus. Wayne v. Missouri Bd. of Prob. and Parole, 83 F.3d 994, 996-97 (8th Cir. 1996). As such, it appears that petitioner has available procedures that he must exhaust.

Therefore,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that no order to show cause shall issue at this time as to respondent, because it appears that petitioner did not exhaust available state remedies before invoking federal habeas corpus jurisdiction.

**IT IS FURTHER ORDERED** that petitioner shall show cause within thirty (30) days of the date of this Order as to why the

Court should not dismiss the instant application for failure to exhaust available state remedies. Petitioner's failure to file a show cause response shall result in the denial of the instant habeas corpus petition and the dismissal of this action, without prejudice.

Dated this 24th day of June, 2008.


/s/ Jean C. Hamilto
**UNITED STATES DISTRICT JUDGE**