UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MELVIN LEROY TYLER, | ) |
|         Petitioner, | ) |
|    v. | ) No. 4:08-CV-860-JCH |
| MISSOURI BOARD OF PROBATION AND PAROLE, | ) |
|         Respondent. | ) |

**ORDER AND MEMORANDUM**

This matter is before the Court upon the filing of petitioner's response to this Court's order to show cause as to why this action should not be dismissed for petitioner's failure to exhaust state remedies [Doc. #5].

Having carefully reviewed petitioner's response to show cause, the Court rejects petitioner's futility argument[1] and concludes that the instant action will be dismissed for petitioner's failure to exhaust available state remedies, as set forth in this Court's Order and Memorandum of June 25, 2008 [Doc. #4].[2]

---

[1] Petitioner contends that exhaustion of state remedies would be futile in light of the Missouri courts' consistent, and erroneous, reliance on State ex rel. Cavallaro v. Groose, 908 S.W.2d 133 (Mo. 1995).

[2] Rule 4 of the Rules governing Habeas Corpus Cases Under Section 2254 gives a District Court the power to review and dismiss habeas petitions prior to any responsive pleading by the state, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." A District Court's authority to raise

Moreover, notwithstanding petitioner's failure to exhaust available state remedies, this Court may deny an application for a writ of habeas corpus on the merits. See 28 U.S.C. § 2254(b)(2). Petitioner contends that the Missouri Board of Probation and Parole "enacted a new Rule March 30, 2008, prohibiting any further advancements of parole hearing dates, [and] applied the new Rule to petitioner [on] April 10, 2008 in retaliation against [him] for his lawsuit." Petitioner's claim is legally frivolous, because he does not have a constitutionally-protected liberty interest in the possibility of parole. See Greenholtz v. inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1, 9-11 (1979).

Under 28 U.S.C. § 2254(a), a district court may entertain a petition for writ of habeas corpus only if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." In other words, grounds that do not state a constitutional issue are not cognizable in a federal habeas petition. See, e.g., Gee v. Groose, 110 F.3d 1346, 1351-52 (8th Cir. 1997). As noted above, petitioner's ground for relief fails to state a constitutional issue, and thus, is not cognizable in this § 2254 action.

Therefore,

**IT IS HEREBY ORDERED** that petitioner's petition for a

---

procedural defenses sua sponte in § 2254 cases is consistent with the authority provided Rule 4.

writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DISMISSED**.

**IT IS FURTHER ORDERED** that petitioner is **DENIED** a certificate of appealability if he appeals this order of dismissal.

An appropriate order of dismissal shall accompany this order and memorandum.

Dated this 1st day of August, 2008.

        **/s/ Jean C. Hamilton**
        **UNITED STATES DISTRICT JUDGE**